## George W. Goodrich *vs.* Abraham Burbank.

A vendor of land may reserve an assignable right of taking water from a spring situated thereon through pipes of certain dimensions, with the right to enter upon the land to make repairs, upon payment of the damages caused thereby; and such right need not be annexed to any particular estate, or be limited as to the place or manner of its enjoyment.

A vendor of land reserved to himself, his heirs and assigns, the right of taking forever so much water from a spring situated thereon, from which water was then taken in a pipe to supply the grounds of a neighbor, as then ran in said pipe, so long as the same should last, together with the right to replace the same with a pipe of a certain size, and thereupon to take so much water as would run through the substituted pipe, and to enter and repair the aqueduct at all times, upon payment of the damages caused thereby. The neighbor received the water under a revocable license; and no part of the vendor's remaining land had the use of water from the spring. *Held*, that the reservation gave to the vendor an assignable right to take the specified quantity of water, not annexed to any particular estate or limited as to the place or manner of its enjoyment.

Foster, J.    This action of tort is brought to recover damages for the acts of the defendant on his own land, who has cut off a pipe by which water was conducted from a spring thereon, and has contaminated the water which flowed through said pipe to the plaintiff's premises. The lot on which the spring is situated was part of a farm owned by Thomas F. Plunkett, and conveyed to the defendant by Plunkett by a deed dated March 27th 1850, containing the following clause : "Also reserving to myself, my heirs and assigns, the right of taking so much water forever from the spring situate on the lot last above described, and from which water is now taken in a pipe to supply the grounds of W. H. Tyler, as now runs in said pipe, so long as said pipe lasts, together with the right to replace the same with a pipe of one and one quarter inch inside calibre, and also the right of taking so much water from said spring as will run in said pipe of one and one quarter inch calibre, when thus substituted for the present pipe, together with the right to enter and repair said aqueduct at all times, it being understood that I am to pay such damages as may be from time to time occasioned to the crops and land by said repairs, and said Burbank, his heirs and assigns, is not to molest said Plunkett, his heirs and

assigns, in the use of the above reserved rights." At the date of this deed, the pipe was laid as it now is through the defendant's estate, and conducted water to the premises of W. H. Tyler. No part of Plunkett's remaining estate was then or ever had been supplied with water from this aqueduct. It is therefore improbable that the reservation was intended for the exclusive benefit thereof. Plunkett had given to Tyler no right, but the latter had only a revocable license from Plunkett's predecessor to the use of the aqueduct; and there is no reason to suppose that Plunkett intended to annex the reservation to the estate of a stranger, if that were possible. The language used is broad and unqualified. The right is reserved to Plunkett, his heirs and assigns, and not to the assigns of his remaining estate There is no restriction as to the place where or the purpose for which the water might be used, but only as to the quantity reserved. We are therefore satisfied that Plunkett intended to retain for himself, his heirs and assigns, a right, the enjoyment of which was limited to no particular premises, capable of being used upon any land which he or they might at any time acquire, an assignable and inheritable interest, not annexed to any parcel of land. If the rules of law permit the acquisition of such a right by reservation or grant, we cannot doubt that it has been effectually created in the present instance. And if so, it must inure to the benefit of the present plaintiff, who has derived it by warranty deed from Plunkett through divers mesne conveyances.

But the defendant insists that such an interest is a predial servitude, in its nature inseparably annexed to some estate, apart from which it cannot be enjoyed; that if regarded as an easement in gross, it is necessarily of a purely personal character, incapable of assignment or inheritance, belonging to Plunkett alone for his personal benefit.

This proposition requires examination. There are *dicta*, perhaps authorities, to the effect that an easement proper, like a way in gross, cannot be created by grant, so as to be assignable or inheritable. Washburn on Easements, 80. *Ackroyd* v *Smith.* 10 C. B. 187. However the law may be elsewhere,

would be difficult to establish that doctrine in this common wealth, where it has been held that ways in gross "may be granted or may accrue in various forms to one, his heirs and assigns;" *White* v. *Crawford*, 10 Mass. 188; and that "the law is settled in Massachusetts, by a series of decisions, that a right of way may be as well created by a reservation or exception in the deed of the grantor, reserving or retaining to himself and his heirs a right of way either in gross or as annexed to lands owned by him so as to charge the lands granted with such easement and servitude, as by a deed from the owner of the land to be charged, granting such way either in gross or as appurtenant to other estate of the grantee." *Bowen* v. *Connor* 6 Cush. 137.

In the case of rights of *profit à prendre*, it seems to be held uniformly that, if enjoyed in connection with a certain estate, they are regarded as easements appurtenant thereto, but in granted to one in gross they are treated as an estate or interest in land, and may be assignable or inheritable. *Post* v. *Pearsall* 22 Wend. 425. Washburn on Easements, 7. The right to take water from a well or spring is held to be an interest in land although not a *profit à prendre*, and may be claimed by custom. *Race* v. *Ward*, 4 El. & Bl. 702. And we are aware of no case which denies that the right to an aqueduct may be so created as to exist independently of any particular parcel of land owned by the grantee thereof, and be enjoyed by him and his heirs on any estate which he or they may own or acquire, and be capable of assignment or conveyance in gross. The water itself may not be the subject of property, but the right to take it and to have pipes laid in the soil of another for that purpose, and to enter upon the land of another to lay, repair and renew such pipes, is an interest in the realty, assignable, descendible and devisable. On this subject the language of Judge Curtis is as follows : " I know of no rule of the common law which prohibits grants of the incorporeal right to divert water from being made in gross. If I have a spring, I may sell the right to take water from it by pipes, to one who does not own the land across which the pipes are to be carried, and

I may either restrict the use to a particular house, or not, as
1 please. It is true the grantee cannot make the grant usefu.
without acauiring from the owner of the intermediate land the
right to lay pipes therein, nor can he use the water in a house
until he obtains the right to possess that house. But these
may be acquired afterwards. Incorporeal rights may be insep-
arably annexed to a particular messuage or tract of land, by
the grant which creates them, and makes them incapable of
separate existence. But they may also be granted in gross, and
afterwards, for purposes of enjoyment, be annexed to a mes-
suage or land, and again severed therefrom by a conveyance
of the messuage or land, without the right, or a conveyance
of the right without the land." *Lonsdale Co.* v. *Moies*, 21 Law
Rev. 664.

We have many cases in our own reports which recognize the
rignt to take a certain quantity of water from a mill pond as a
distinct and substantive subject of grant, without restriction as
to its use at any designated place. Rights of water duly granted
by deed, not appurtenant to any particular parcel of land, may
be used by the owner at any place or in any manner, so long as
he does not interfere with or impair the rights of others. *De
Witt* v. *Harvey*, 4 Gray, 486. We are unable to distinguish be-
tween the right to take water by a canal from a pond for the
purposes of power, and the right to take it from a spring in a
pipe for domestic purposes, the watering of cattle, to supply an
artificial jet or fountain, and to sell it to others for any uses they
may desire to make of it.

In the present case it does not appear that the change in the
direction or location of the pipe after it leaves the land of the
defendant has increased the quantity of water taken from the
spring. We are therefore of opinion that this action can be
maintained; and, the judge who presided at the trial in the
superior court having ruled otherwise, the exceptions are sus-
tained.

*W. H. Swift,* (*M. Wilcox* with him,) for the plaintiff, be-
sides cases cited in the opinion, cited *Senhouse* v. *Christian*, 1
T. R. 560; *Ashley* v. *Pease*, 18 Pick. 268; *Boreel* v. *Mayor*

*&c. of New York*, 2 Sandf. R. 552; *Grubb* v *Guilford*, 4 Watts, 223.

*H. L. Dawes*, (*E. M. Wood* with him,) for the defendant, besides cases cited in the opinion, cited *Ritger* v. *Parker*, 8 Cush. 145; *McFarlin* v. *Essex Co.* 10 Cush. 304, 310; *Manning* v. *Wasdale*, 5 Ad. & El. 758; Washburn on Easements, 4, 8, 18, 26. 29, 80, 161, 424.